IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAINA McBURROWS, a minor, by her next
friend SHARON KELSO, and MARQUEE
ALLEN, a minor, by her next friend JEANENE
ROWE, on behalf of themselves and all others
similarly situated,

    Plaintiffs,

vs.

DETROIT PUBLIC SCHOOLS,

    Defendant.

                                                      /

Case No. 2:09-cv-14863

Hon. Marianne O. Battani

## **CONSENT JUDGMENT**

The parties to this action having consented to the entry of this judgment, and the Court having approved it after a hearing and on finding that it is fair, reasonable, and adequate, it is the **ORDER, JUDGMENT, AND DECREE** of the Court as follows:

1. On Plaintiffs' individual claims for damages, judgment is entered in favor of Plaintiffs and against Defendant in the amount of $2500.00 per plaintiff for a total of $5000.00.

2. In satisfaction of Plaintiffs' class claims for injunctive and declaratory relief, Defendant shall enact, adopt, and follow the Detroit Public Schools Policy on Searches and Seizures of Students attached hereto and incorporated herein by reference.

3. Pursuant to 42 U.S.C. § 1988 and Fed. RR. Civ. P. 23(h) and 54(d)(2), Plaintiffs' attorneys' fees shall be recovered and awarded from Defendant in the amount of $45,000.00.

1

4. The damage award and attorneys' fees shall be paid by Detroit tax levy pursuant to M.C.L. §§ 600.6094, 600.6097, and 380.1643. No interest shall accrue.

5. Defendant shall deliver the damage award and attorneys' fees totaling $50,000 to Plaintiffs' counsel no later than August 31, 2011.

6. Entry of this consent judgment resolves all pending claims and motions in this case, with this Court retaining jurisdiction for the sole purpose of enforcing its terms.

**IT IS SO ORDERED.**

Dated: November 2, 2010

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Signed and agreed to by:

/s/ Michael J. Steinberg
Michael J. Steinberg (P43085)
American Civil Liberties Union Fund
 of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6814
msteinberg@aclumich.org

Counsel for Plaintiffs

Date: September 10, 2010

/s/ Theophilus E. Clemons
Theophilus E. Clemons (P47991)
Jason H. Harrison (P62765)
Detroit Public Schools
Office of the General Counsel
3011 W. Grand Blvd., 18th Floor
Detroit, MI 48202
(313) 873-4527
theophilus.clemons@detroitk12.org

Counsel for Defendant

Date: September 10, 2010

# Detroit Public Schools Policy on Searches and Seizures of Students

Introduction:  The Board of Education recognizes that the educational environment is an important base in our students' ability to learn.  A grave danger to that environment, as well as to the safety of our students and staff, is the reality of drugs, weapons, and other contraband both inside our schools and the surrounding neighborhoods.  This policy is designed to ensure that our students can learn in an environment that is both conducive to education and that will ensure their safety as well as the safety of our staff and visitors.  Toward those ends, the Board reserves the right to conduct searches of students and their personal effects, to conduct metal detector screenings of students, to search and inspect property owned or leased by the Board, including but not limited to the desks and lockers that are assigned to our student, and to seize any contraband that is revealed through the use of such searches.  All such searches shall be undertaken consistent with the law, this policy and the United States Constitution.

This policy applies to mass searches conducted by Detroit Public School officials and employees.  Any search initiated, instigated or requested by the Detroit Police Department or any other Police Department shall be governed by the legal standard applicable to police searches.

Types of Searches:

    1).  Individualized Student Searches

        School officials possess the authority to search individual students and their personal effects (including but not limited to clothing, book packs, book bags, purses, vehicles that are parked on property owned or leased by the Board of Education, and similar items).  The search will only be conducted if school officials have a reasonable suspicion that:

            a).   there has been a criminal infraction or that there is a violation of a school policy or rule governing student behavior or discipline, AND

            b).  the individual who is the subject of the search participated in the infraction or violation, AND

            c).  evidence of the infraction or violation, or the proceeds there from, is in the possession of the student in the location to be searched.

        Reasonable suspicion can be based on direct observations of the student by school officials (including but not limited to seeing a gun shaped bulge in clothing, hearing the sound of a pager or cell phone, or smelling the aroma of marijuana).  Reasonable suspicion may also be based on information provided to school officials by others (including school staff, students, volunteers and visitors) indicating that the student in question has contraband in his or her possession. A mere hunch or a generalized suspicion does not constitute reasonable suspicion nor do they provide a sufficient basis for searching an individual student.

Once a school official or a member of the DPS Public Safety unit has determined that a student should be searched for contraband based upon a reasonable suspicion, the following guidelines apply. A search should be no more intrusive than is necessary. If a search demands more than a "pat-down" or the emptying of pockets and the removal of coats, jackets, shoes and/or socks, school officials should contact the Office of General Counsel immediately.

Individual searches should always be conducted by a school official of the same sex as the student being searched and to the extent practicable in the presence of another same-sex school official who can act as a witness. The search may be done outside the view of any person who is not directly involved in the search. Such searches shall be conducted the DPS Public Safety Officers, DPS security contractors/agents, school officials or school staff. A written report shall be prepared regarding any individualized student search and forwarded to the Public Safety Department.

2). Desk or Locker Searches

Desks and lockers are the property of the Board of Education. Students are allowed to use this property; but at all times, desks and lockers remain under the control and ownership of the Board of Education. As a condition of their use of Board property, students assume full responsibility for the security of the locker and/or desk assigned to them.

The Board of Education reserves the right to conduct random searches of desks and lockers. These searches may be conducted at anytime for any reason, without notice, without student consent and without reasonable suspicion or a search warrant. However, a student's personal items (such as purses, book bags, coats, etc.) may not be searched without reasonable suspicion that a search will uncover contraband or evidence of wrongdoing on the part of an individual student.

The following should be used as guidelines for the search of lockers and/or desks:

a). Locker and desk searches are best performed when students are not present, such as prior to the opening of school, after school or on the weekend.

b). Locker and desk searches may include the use of trained dogs or other trained animals.

c). Students should be alerted through their student handbooks or by other written materials that at any time their lockers and desks can be searched.

d). Locker and desk searches may be conducted by school officials, with or without the assistance of Detroit Public School Public Safety employees.

3). Metal Detector Screenings

   a). Introduction: The purpose of a metal detector scan is to prevent weapons and/or contraband from entering the schools. The Detroit Public Schools reserves the right to use, but it is not limited to stationary walk through metal detectors, hand-held "wand" metal detectors, portable walk through metal detectors, and x-ray machines. All persons who enter into Detroit Public Schools buildings used for academic instruction are subject to a metal detector scan. The Board of Education has authorized several types of metal detector screenings.

      1). "As Needed" Screenings: The Board's Chief Executive Officer, his/her designee, or school official may also authorize metal detector screenings on days on which special events such as athletic events or visits by dignitaries are held. As needed screenings may also be conducted to address safety concerns.

      2). Daily Screenings: The Board's Chief Executive Officer, his/her designee, or school officials may also authorize daily metal detector screenings of students to ensure the safety and security of students, staff, volunteers and visitors.

   b). Public Notice: Each entrance of Detroit Public Schools' property shall annually post a sign stating the equivalent of the following statement: "Any person entering this building may be subject to search." However, the removal of the sign through vandalism or any other means shall not waive the Detroit Public Schools ability to conduct any subject searches contained in this policy.

   c). Scanning Procedures:

      1). All entrances that are not used during a metal detector screening should be locked in such a way that they will prevent entry from the outside. The entrances should remain operable from the inside of the building and must comply with Fire Code regulations.

      2). Prior to passing through a metal detector, individuals should be instructed to place their metal possessions into a separate container. Those conducting the metal detector screenings may also ask individuals to remove any other personal items (coats, book bags, purses, etc.) so they can be scanned by a hand held metal detector.

      3). If the alarm of a metal detector sounds, that shall be construed as reasonable suspicion for an individualized pat-down search or for the search of the individual's separate possessions (such as a book bag, purse,

coat, etc.).  If a pat-down search is necessary, male DPS Public Safety officers should administer pat-down searches for male students, and female DPS Public Safety officers should administer pat-down searches for female students.  Once that search is accomplished, another metal detector screening should be made.  If the alarm of a metal detector sounds again, the individual should be taken to a private place for a more thorough screening and search.

4). An individual should never be allowed to enter a school building until he/she can walk through a metal detector without sounding the alarm or until some form of secondary search can identify the item causing the alarm.

5). Screenings should be done as expeditiously as possible.

d). Refusal to Cooperate – Persons who refuse to cooperate with school officials during a search authorized by this policy should be referred to the principal of the respective school.  Students who refuse to be searched will have their parents contacted by school officials.  At no time, should a student be allowed into the school unless they are willing to be scanned and searched.  Any absence that occurs as a result of refusing a search authorized by this policy should be counted as an unexcused absence.